UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
SACRAMENTO, CALIFORNIA 95814

FILED

FEB 26 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

February 22, 2008

Clerk, US District Court
USDC - Northern District of CA
450 Golden Gate Avenue
16th Floor, Room 1111
San Francisco, CA 94102

CR 08-24 WHA

Re: USA v. Albert Clark Watson
CR S- 96 - 0277 WBS (Eastern District of California)
CR USDC - Northern District of CA

Dear Sir/Madam:

Pursuant to the Transfer of Jurisdiction of probation/supervised release (form 22) having been filed in this district, the following documents are herewith forwarded for your records:

XX CERTIFIED COPY OF INDICTMENT/INFORMATION

XX CERTIFIED COPY OF THE TRANSFER ORDER

XX CERTIFIED COPY OF THE DOCKET SHEET

XX CERTIFIED COPY OF JUDGMENT AND SENTENCING

Please acknowledge receipt of the above documents on the photocopy of this letter and return in the enclosed self-addressed stamped envelope.

Very truly yours,
Victoria C. Minor, ~~Clerk~~

By: ____________________
M. Marciel, Deputy Clerk

Date received: ____________________

Deputy Clerk: ____________________

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
PROBATION OFFICE

YADOR J. HARRELL
*CHIEF U.S. PROBATION OFFICER*

**Please reply to:**
450 Golden Gate Avenue, Suite 17-6884
San Francisco, CA 94102-3487
TEL: (415) 436-7540
FAX: (415) 436-7572

450 Golden Gate Avenue
Suite 17-6884 ; P.O. Box 36057
San Francisco, CA 94102-3487
TEL: (415) 436-7540
FAX: (415) 436-7572

January 24, 2008

Juanita Zuniga, USPO
U. S. Probation Office
501 "I" Street, Suite 2-500
Sacramento, CA 95814

RECEIVED
U.S. PROBATION OFFICE
JAN 25 2008
EASTERN DISTRICT, CA
SACRAMENTO

Re: Albert Watson
Docket No.: 0972 2:96CR00277-01
TRANSFER OF JURISDICTION

Dear Ms. Zuniga:

Enclosed please find the Transfer of Jurisdiction forms transferring jurisdiction of the above-referenced case from the Eastern District of California to the Northern District of California. To finalize this transfer, please forward this letter to your clerk's office with instructions to file.

If you have any questions regarding the above, please do not hesitate to contact me at the number shown below.

Sincerely,

Alan K. Ahlstrand
U.S. Probation Officer
(415) 436-7590

**FILED**

JAN 29 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY CLERK

Enclosures

sp

I herby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: VICTORIA C. MINOR
Clerk, U. S. District Court
Eastern District of California
By ______ Deputy Clerk
Dated February 22 2008

PROB 22

# TRANSFER OF JURISDICTION

CR 08 0023

| | | |
|---|---|---|
| | DOCKET NUMBER *(Tran. Court)* 2:96CR00277-01 and 2:97CR00161-01 | |
| CR 08 | DOCKET NUMBER *(Rec. Court)* 0024 WHA | |
| **NAME AND ADDRESS OF SUPERVISED RELEASEE**<br>Albert Clark WATSON<br>Daly City, California | **DISTRICT**<br>Eastern District of California | **DIVISION**<br>Northern |
| | **NAME OF SENTENCING JUDGE**<br>Honorable William B. Shubb | |
| | **DATES OF SUPERVISED RELEASE:** | **FROM** 11-05-2007 / **TO** 11-04-2010 |

**OFFENSE** 18 USC 2113(a) - Bank Robbery

**PART 1 - ORDER TRANSFERRING JURISDICTION**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

**IT IS HEREBY ORDERED** that pursuant to 18 U.S.C. 3605 the jurisdiction of the supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of California upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

1/2/2008
*Date*

William B. Shubb
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court

**PART 2 - ORDER ACCEPTING JURISDICTION**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**IT IS HEREBY ORDERED** that jurisdiction over the above-named supervised releasee be accepted and assumed by this Court from and after the entry of this order.

*Effective Date*

*United States District Judge*

CC: United States Attorney
FLU Unit-United States Attorney's Office
Fiscal Clerk-Clerk's Office

ELCA (8/96) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

JAN 16 1998

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY CLERK

UNITED STATES OF AMERICA
VS
ALBERT C. WATSON,
**Defendant**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

Case Number: CR-S-96-0277-001
CR-S-97-0161-001

Carl Larson
Asst. Federal Defender

---

*THE DEFENDANT:*

[ x ] Pleaded guilty to Count(s) 1, 2, 3, 4, 6, and 13 of this Indictment in CR. S-96-0277. The defendant also plead guilty to Counts 1 and Counts 1 and 2 of the Informations in CR. S-97-0161, resulting from Rule 20s from the Northern District of California and Eastern District of Washington.

[ ] Pleaded nolo contendere to Count(s) ___ which was accepted by the Court.

[ ] Was found guilty on Count(s) ___ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2113(a) | Bank Robbery | 12/9/94-7/6/95 | 1,2,3,4,6 & 13 |
| 18 USC 2113(a) | Bank Robbery | 12/9/94 | 1 (Rule 20 from Seattle) |
| 18 USC 2113(a) | Bank Robbery | 1/19/95 & 7/6/95 | 1 & 2 (Rule 20 from Northern District of California) |

*The defendant is sentenced as provided in pages 2 through 7 of this Judgment.*

[ ] The defendant has been found not guilty on count(s) ___.

[ x ] Count(s) 5,7,8,9,10,11 & 12 are dismissed on the motion of the United States.

[ x ] Appeal rights given.

[ ] Bond is ordered exonerated; [ ] upon surrender

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

*Defendant's Soc. Sec. Number:* ________

*Defendant's Date of Birth:* ________

*Defendant's USM No:* 09139-097

*[ x ] In Custody*

*Last known mailing address:*
1350 Grant Lane
Sacramento, CA

7/2/97
*Date of Imposition of Sentence*

*Signature of Judicial Officer*

7/8/97

WILLIAM B. SHUBB
US DISTRICT JUDGE

CLERK, U. S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: JACK L. WAGNER
Clerk, U. S. District Court
Eastern District of California
By ________ Deputy Clerk
Dated 7/9/97

RECEIVED
U.S. MARSHAL
JAN 16 AM 10:06

I herby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: VICTORIA C. MINOR
Clerk, U. S. District Court
Eastern District of California
By ________ Deputy Clerk
Dated February 22, 2008

30

*Defendant: ALBERT C. WATSON*
*Case Number: CR-S-96-0277-001*

***IMPRISONMENT***

*The defendant is hereby committed to the custody of the Bureau of Prisons of the United States to be imprisoned for a total term of 137 months on each of Counts 1, 2, 3, 4, 6 and 13 and all counts in the two Informations, to be served concurrently, to the extent necessary to produce a total term of 137 months. This sentence shall be served consecutively to any state sentence .*

[ ] *The Court makes the following recommendations to the Bureau of Prisons:*

[ x ] *The defendant is remanded to the custody of the United States Marshal.*

[ ] *The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons, or to the US Marshal for this district, if no institution has been designated:*

[ ] before 2:00 p.m. on ___.

[ ] *as notified by the United States Marshal.*

[ ] *as notified by the Probation or Pretrial Services Office.*

***RETURN***

*I have executed this Judgment as follows:*

---

*Defendant delivered on* 2/11/97 *to* FCI El Reno *at* El Reno, OK*, with a certified copy of this Judgment.*

A.M. Flowers, Warden
~~United States Marshal~~

By S. Lyon, LIE
~~Deputy Marshal~~

*Defendant: ALBERT C. WATSON*
*Case Number: CR-S-96-0277-001*

***SUPERVISED RELEASE***

Upon release from imprisonment, the defendant shall be on supervised release for a term of **36 months**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

[ x ] The defendant shall not possess a firearm as defined in 18 USC 921. (Check, if applicable.)

***For offenses committed on or after September 13, 1994:***

[ x ] The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer. (Check, if applicable.)

or

[ ] The mandatory drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term(s) of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distriubte, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

*Defendant: ALBERT C. WATSON*
*Case Number: CR-S-96-0277-001*

## ADDITIONAL SUPERVISION TERMS

1) The defendant shall submit to the search of his person, property, home and vehicle by a U.S. Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2) The defendant shall make payments of restitution heretofore ordered in installments as determined by the probation officer.

3) The defendant shall participate in a correctional treatment program to obtain assistance for drug or alcohol abuse, as directed by the probation officer.

*Defendant: ALBERT C. WATSON*
*Case Number: CR-S-96-0277-001*



## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties as set forth below:

### ASSESSMENT

Amount: $450 ,

Payable:
[ x ] in full, immediately
[ ] other: ____________________

### FINE

Amount: ___,

Payable:
[ ] in full, immediately
[ ] as directed by the Probation Officer
[ ] in payments of ___, beginning on ___.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options may be subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

[ ] The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

[ ] The interest requirement is waived.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.

All criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States Attorney.

*Defendant: ALBERT C. WATSON*
*Case Number: CR-S-96-0277-001*

## RESTITUTION

[ ] The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after 09/13/1994, until ___. An Amended Judgment in a Criminal Case will be entered after such determination.

[ x ] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

Amount: $24,955,

Payable:
[ ] in full, immediately
[ x ] as directed by the Probation Officer
[ ] in payments of ___, beginning on___

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Union Bank<br>770 L St., Sacto, CA | $1,033 | $1,033 | |
| San Francisco Federal Savings Bank<br>436 Howe Ave., Sacto, CA | $ 2,200 | $ 2,200 | |
| Wells Fargo Bank<br>5700 Folsom Blvd., Sacto, CA | $ 3,300 | $ 3,300 | |
| Great Western Bank<br>1300 21st St., Sacto, CA | $ 4,880 | $ 4,880 | |
| El Dorado Savings & Loan<br>4768 J St., Sacto, CA | $ 1,300 | $ 1,300 | |
| Tri-Counties Bank<br>1810 Market St., Redding, CA | $ 4,900 | $ 4,900 | |
| Wells Fargo Bank<br>205 Kenwood, San Francisco, CA | $ 2,600 | $2,600 | |
| Wells Fargo Bank<br>2464 Junipero Serra, Daly City, CA | $ 4,050 | $ 4,050 | |
| Seattle First National Bank<br>500 Olive Way, Seattle, WA | $ 692 | $ 692 | |

*Defendant: ALBERT C. WATSON*
*Case Number: CR-S-96-0277-001*

## STATEMENT OF REASONS

[ x ] The court adopts the factual findings and guideline application in the presentence report.

OR

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the court:**

Total Offense Level: 24
Criminal History Category: VI
Imprisonment Range: 100 to 125 months
Supervised Release Range: 2 to 3 years
Fine Range: $ 10,000 to $ 100,000

[ x ] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution (loss) $ 24,955.00

[ ] Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. 3663(d).

[ ] For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered for the following reason(s):

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

OR

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

[ x ] The sentence departs from the guideline range:

[ ] upon motion of the government, as a result of defendant's substantial assistance.
[ x ] for the following specific reason(s):

Unusual case because more than 5 units should apply for 15 bank robberies; upward departure one level for 9 counts before total offense level becomes 25.

EDCA (8/96) Sheet 1 - Judgment in a Criminal Case

***UNITED STATES DISTRICT COURT***
***EASTERN DISTRICT OF CALIFORNIA***

UNITED STATES OF AMERICA
VS
ALBERT C. WATSON,
**Defendant**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

FILED
JUL 1997
DISTRICT COURT
DISTRICT OF CALIFORNIA

Case Number: CR-S-96-0277-001
CR-S-97-0161-001

Carl Larson
Asst. Federal Defender

---------------------------------------

*THE DEFENDANT:*

[ x ] Pleaded guilty to Count(s) 1, 2, 3, 4, 6, and 13 of this Indictment in CR. S-96-0277. The defendant also plead guilty to Counts 1 and Counts 1 and 2 of the Informations in CR. S-97-0161, resulting from Rule 20s from the Northern District of California and Eastern District of Washington.
[ ] Pleaded nolo contendere to Count(s) ___ which was accepted by the Court.
[ ] Was found guilty on Count(s) ___ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2113(a) | Bank Robbery | 12/9/94-7/6/95 | 1,2,3,4,6 & 13 |
| 18 USC 2113(a) | Bank Robbery | 12/9/94 | 1 (Rule 20 from Seattle) |
| 18 USC 2113(a) | Bank Robbery | 1/19/95 & 7/6/95 | 1 & 2 (Rule 20 from Northern District of California) |

*The defendant is sentenced as provided in pages 2 through 7 of this Judgment.*

[ ] The defendant has been found not guilty on count(s) ___.
[ x ] Count(s) 5,7,8,9,10,11 & 12 are dismissed on the motion of the United States.
[ x ] Appeal rights given.
[ ] Bond is ordered exonerated; [ ] upon surrender

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

*Defendant's Soc. Sec. Number:* ___________

*Defendant's Date* ___________

*Defendant's USM No:* 09139-097

*[ x ] In Custody*

*Last known mailing address:*

1350 Grant Lane
Sacramento, CA

7/2/97
*Date of Imposition of Sentence*

William B. Shubb
*Signature of Judicial Officer*
7/8/97

WILLIAM B. SHUBB
US DISTRICT JUDGE

I herby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: VICTORIA C. MINOR
Clerk, U. S. District Court
Eastern District of California
By ___
Deputy Clerk
Dated February 22, 2008

23

*Defendant: ALBERT C. WATSON*
*Case Number: CR-S-96-0277-001*

## IMPRISONMENT

*The defendant is hereby committed to the custody of the Bureau of Prisons of the United States to be imprisoned for a total term of 137 months on each of Counts 1, 2, 3, 4, 6 and 13 and all counts in the two Informations, to be served concurrently, to the extent necessary to produce a total term of 137 months. This sentence shall be served consecutively to any state sentence .*

[ ] *The Court makes the following recommendations to the Bureau of Prisons:*

[ x ] *The defendant is remanded to the custody of the United States Marshal.*

[ ] *The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons, or to the US Marshal for this district, if no institution has been designated:*

[ ] before 2:00 p.m. on ___.

[ ] *as notified by the United States Marshal.*

[ ] *as notified by the Probation or Pretrial Services Office.*

## RETURN

*I have executed this Judgment as follows:*

___

___

___

*Defendant delivered on ___ to ___ at ___, with a certified copy of this Judgment.*

___
*United States Marshal*

By ___
*Deputy Marshal*

*Defendant: ALBERT C. WATSON*
*Case Number: CR-S-96-0277-001*

## *SUPERVISED RELEASE*

Upon release from imprisonment, the defendant shall be on supervised release for a term of **36 months**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

[ x ] The defendant shall not possess a firearm as defined in 18 USC 921. (Check, if applicable.)

***For offenses committed on or after September 13, 1994:***

[ x ] The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer. (Check, if applicable.)

or

[ ] The mandatory drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term(s) of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distriubte, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

*Defendant: ALBERT C. WATSON*
*Case Number: CR-S-96-0277-001*

## ADDITIONAL SUPERVISION TERMS

1) The defendant shall submit to the search of his person, property, home and vehicle by a U.S. Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2) The defendant shall make payments of restitution heretofore ordered in installments as determined by the probation officer.

3) The defendant shall participate in a correctional treatment program to obtain assistance for drug or alcohol abuse, as directed by the probation officer.

*Defendant: ALBERT C. WATSON*
*Case Number: CR-S-96-0277-001*

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties as set forth below:

**ASSESSMENT**

Amount: $450 ,

Payable:
[ x ] in full, immediately
[ ] other: ______________________

**FINE**

Amount: ____,

Payable:
[ ] in full, immediately
[ ] as directed by the Probation Officer
[ ] in payments of ___, beginning on ___.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options may be subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

[ ] The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

[ ] The interest requirement is waived.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.

All criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States Attorney.

*Defendant: ALBERT C. WATSON*
*Case Number: CR-S-96-0277-001*

## RESTITUTION

[ ] The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after 09/13/1994, until ___. An Amended Judgment in a Criminal Case will be entered after such determination.

[ x ] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

Amount: $24,955,

Payable:
[ ] in full, immediately
[ x ] as directed by the Probation Officer
[ ] in payments of ___, beginning on___

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Union Bank<br>770 L St., Sacto, CA | $1,033 | $1,033 | |
| San Francisco Federal Savings Bank<br>436 Howe Ave., Sacto, CA | $ 2,200 | $ 2,200 | |
| Wells Fargo Bank<br>5700 Folsom Blvd., Sacto, CA | $ 3,300 | $ 3,300 | |
| Great Western Bank<br>1300 21st St., Sacto, CA | $ 4,880 | $ 4,880 | |
| El Dorado Savings & Loan<br>4768 J St., Sacto, CA | $ 1,300 | $ 1,300 | |
| Tri-Counties Bank<br>1810 Market St., Redding, CA | $ 4,900 | $ 4,900 | |
| Wells Fargo Bank<br>205 Kenwood, San Francisco, CA | $ 2,600 | $2,600 | |
| Wells Fargo Bank<br>2464 Junipero Serra, Daly City, CA | $ 4,050 | $ 4,050 | |
| Seattle First National Bank<br>500 Olive Way, Seattle, WA | $ 692 | $ 692 | |

*Defendant: ALBERT C. WATSON*
*Case Number: CR-S-96-0277-001*

## STATEMENT OF REASONS

[ x ] The court adopts the factual findings and guideline application in the presentence report.

OR

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the court:**

Total Offense Level: 24
Criminal History Category: VI
Imprisonment Range: 100 to 125 months
Supervised Release Range: 2 to 3 years
Fine Range: $ 10,000 to $ 100,000

[ x ] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution (loss) $ 24,955.00

[ ] Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. 3663(d).

[ ] For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered for the following reason(s):

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

OR

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

[ x ] The sentence departs from the guideline range:

[ ] upon motion of the government, as a result of defendant's substantial assistance.

[ x ] for the following specific reason(s):

Unusual case because more than 5 units should apply for 15 bank robberies; upward departure one level for 9 counts before total offense level becomes 25.

FILED
JUL 2 1997
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BEFORE THE HONORABLE WILLIAM B. SHUBB

United States
v.
Albert Clark Watson

MINUTES

CASE #: CR 96-277
DATE: 7/2/97
DEPUTY CLERK: Sally Hoover
COURT REPORTER: KELLY O'HALLORAN

FOR THE GOVERNMENT: Laurel White
ASSISTANT UNITED STATES ATTORNEY
INTERPRETER: ______
[ ] SWORN

FOR THE DEFENDANT(S): Carl Larson
[X] ASSISTANT FEDERAL DEFENDER
[ ] APPOINTED [ ] RETAINED

DEFENDANT
[X] PRESENT [X] IN CUSTODY [ ] O/R [ ] BAIL [ ] NO APPEARANCE [ ] WAIVED

ARRAIGNMENT
[ ] DEFT ARRAIGNED [ ] ARRAIGNMENT CONTINUED TO: ______ T/S SET: ______
[ ] TRUE NAME AS CHARGED [ ] STATES TRUE NAME IS: ______
DEFENDANT PLEADS: [ ] NOT GUILTY [ ] GUILTY [ ] NOLO HEARING SET: ______

[ ] STATUS CONFERENCE
TCH SET: ______ JT SET: ______ JT OF ______ IS VACATED
MOTIONS BY: ______ OPPO BY: ______ REPLY BY: ______
MOTION HEARING: ______ TRIAL SETTING: ______ ENTRY/PLEA SET: ______

[ ] TRIAL CONFIRMATION
CONFIRMED: ______ TCH CONTINUED: ______ JT RESET: ______
FURTHER STATUS: ______ OTHER: ______

[ ] CHANGE OF PLEA
[ ] WITHDREW NOT GUILTY PLEA; PLEADS GUILTY TO: ______
PRESENTENCE REPORT [ ] ORDERED [ ] WAIVED; JUDGMENT SET FOR: ______

[X] JUDGMENT AND SENTENCING
IMPRISONMENT: 137 mos on CTs 1, 2, 3, 4, 6 + 13, concurrent to each other + to Rule 20 infos from Washington + No. District of Calif.
JUDGMENT CONTINUED TO: ______
PROBATION: ______
SURRENDER DATE: ______
PROBATION CONDITIONS: ______
TERM OF SUPERVISED RELEASE: 36 mos.
RECOMMENDATION: ______
DEFT FINED: ______ [X] FINE WAIVED
RESTITUTION: $24,955.00 PAYABLE TO: ______
SPECIAL ASSESSMENT: 450.00 immediately
BAIL EXONERATED: ______
RIGHT TO APPEAL GIVEN: yes
[ ] APPEAL RIGHTS WAIVED
SPECIAL CONDITIONS: 1) submit to search; 2) make payments on restitution; 3) participate in CTC program.

[ ] VIOLATION OF SUPERVISED RELEASE/PROBATION
VIOLATION(S) ______ [ ] ADMITTED [ ] DENIED [ ] HEARING SET FOR: ______
SUPERVISED RELEASE/PROBATION: [ ] REVOKED [ ] MODIFIED: ______

[X] OTHER CTs 5, 7, 8, 9, 10, 11 + 12 dismissed on mot/govt. This sentence to be served consecutively to state sentence.

[ ] EXCLUDABLE TIME NOTES: ______ CODE: ______

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: VICTORIA C. MINOR
Clerk, U.S. District Court
Eastern District of California
By [signature]
Deputy Clerk
Dated February 22, 2008

2/121

31

CHARLES J. STEVENS
United States Attorney
LAUREL D. WHITE
Assistant U.S. Attorney
650 Capitol Mall
Sacramento, California 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
ALBERT CLARK WATSON,
Defendant.

CR S 96-277 WBS

VIOLATION: 18 U.S.C. § 2113(a) - Bank Robbery

# I N F O R M A T I O N

The United States Attorney charges: T H A T

ALBERT CLARK WATSON,

defendant herein, on or about December 9, 1994, in Seattle, within the State and Western District of Washington, did by force, violence, and intimidation take from the person and presence of an employee of Seattle First National Bank, 500 Olive Way, Seattle, Washington, approximately $692 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance ///

///

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: VICTORIA C. MINOR
Clerk, U.S. District Court
Eastern District of California
By
Deputy Clerk
Dated: February 22, 2008

17

Corporation (FDIC), in violation of Title 18, United States Code, Section 2113(a).

Dated: February 12, 1997

CHARLES J. STEVENS
United States Attorney

By: [signature]
LAUREL D. WHITE
Assistant U.S. Attorney

FILED

JUN 27 1996

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY CLERK

CHARLES J. STEVENS
United States Attorney
LAUREL D. WHITE
Assistant U.S. Attorney
650 Capitol Mall
Sacramento, California 95814
Telephone: (916) 551-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ALBERT CLARK WATSON, Defendant. | CR. No. VIOLATION: 18 U.S.C. § 2113(a) - Bank Robbery. (13 Counts) CR-S- 96 217 WBS |

I herby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: VICTORIA C. MINOR
Clerk, U. S. District Court
Eastern District of California
By ________ Deputy Clerk
Dated February 22 2008

I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 2113(a) - Bank Robbery]

The Grand Jury charges: T H A T

ALBERT CLARK WATSON,

defendant herein, on or about February 10, 1995, in the County of Sacramento, State and Eastern District of California, did by force, violence, and intimidation take from the person and presence of an employee of Union Bank, 700 L Street, Sacramento, California, approximately $1,033 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

COUNT TWO: [18 U.S.C. § 2113(a) - Bank Robbery]

The Grand Jury further charges: T H A T

ALBERT CLARK WATSON,

defendant herein, on or about February 23, 1995, in Sacramento County, in the Eastern District of California, did by force, violence, and intimidation take from the person and presence of an employee of San Francisco Federal Savings Bank, 436 Howe Avenue, Sacramento, California, approximately $2,200 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

COUNT THREE: [18 U.S.C. § 2113(a) - Bank Robbery]

The Grand Jury further charges: T H A T

ALBERT CLARK WATSON,

defendant herein, on or about March 2, 1995, in Sacramento County, in the Eastern District of California, did by force, violence, and intimidation take from the person and presence of an employee of Wells Fargo Bank, 5700 Folsom Boulevard, Sacramento, California, approximately $3,300 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

COUNT FOUR: [18 U.S.C. § 2113(a) - Bank Robbery]

The Grand Jury further charges: T H A T

ALBERT CLARK WATSON,

defendant herein, on or about March 22, 1995, in Sacramento County, in the Eastern District of California, did by force, violence, and

intimidation take from the person and presence of an employee of Great Western Bank, 1300 21st Street, Sacramento, California, approximately $4,880 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

COUNT FIVE: [18 U.S.C. § 2113(a) - Bank Robbery]

The Grand Jury further charges: T H A T

ALBERT CLARK WATSON,

defendant herein, on or about April 7, 1995, in Sacramento County, in the Eastern District of California, did by force, violence, and intimidation take from the person and presence of an employee of Bank of America, 11000 Alhambra, Sacramento, California, approximately $828 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

COUNT SIX: [18 U.S.C. § 2113(a) - Bank Robbery]

The Grand Jury further charges: T H A T

ALBERT CLARK WATSON,

defendant herein, on or about May 10, 1995, in Sacramento County, in the Eastern District of California, did by force, violence, and intimidation take from the person and presence of an employee of El Dorado Savings and Loan, 4768 J Street, Sacramento, California, approximately $1,300 belonging to and in the care, custody, control, management, and possession of said savings and loan, the accounts of

///

///

which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

COUNT SEVEN: [18 U.S.C. § 2113(a) - Bank Robbery]

The Grand Jury further charges: T H A T

ALBERT CLARK WATSON,

defendant herein, on or about May 17, 1995, in Sacramento County, in the Eastern District of California, did by force, violence, and intimidation take from the person and presence of an employee of San Francisco Federal Credit Union, 5962 South Land Park Drive, Sacramento, California, approximately $1,000 belonging to and in the care, custody, control, management, and possession of said credit union, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

COUNT EIGHT: [18 U.S.C. § 2113(a) - Bank Robbery]

The Grand Jury further charges: T H A T

ALBERT CLARK WATSON,

defendant herein, on or about May 22, 1995, in Sacramento County, in the Eastern District of California, did by force, violence, and intimidation take from the person and presence of an employee of San Francisco Federal Bank, 4005 Manzanita, Carmichael, California, approximately $450 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

///

///

COUNT NINE: [18 U.S.C. § 2113(a) - Bank Robbery]

The Grand Jury further charges: T H A T

ALBERT CLARK WATSON,

defendant herein, on or about June 2, 1995, in Sacramento County, in the Eastern District of California, did by force, violence, and intimidation take from the person and presence of an employee of 1st Interstate Bank, 6363 Riverside Boulevard, Sacramento, California, approximately $300 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

COUNT TEN: [18 U.S.C. § 2113(a) - Bank Robbery]

The Grand Jury further charges: T H A T

ALBERT CLARK WATSON,

defendant herein, on or about June 8, 1995, in Yolo County, in the Eastern District of California, did by force, violence, and intimidation take from the person and presence of an employee of 1st Northern Bank, 1300 Harbor Boulevard, West Sacramento, California, approximately $746 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

COUNT ELEVEN: [18 U.S.C. § 2113(a) - Bank Robbery]

The Grand Jury further charges: T H A T

ALBERT CLARK WATSON,

defendant herein, on or about June 12, 1995, in Sacramento County, in the Eastern District of California, did by force, violence, and intimidation take from the person and presence of an employee of

Wells Fargo Bank, 5858 Florin Road, Sacramento, California, approximately $1,200 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

COUNT TWELVE: [18 U.S.C. § 2113(a) - Bank Robbery]

The Grand Jury further charges: T H A T

ALBERT CLARK WATSON,

defendant herein, on or about June 16, 1995, in Sacramento County, in the Eastern District of California, did by force, violence, and intimidation take from the person and presence of an employee of San Francisco Federal Savings and Loan, 436 Howe Avenue, Sacramento, California, approximately $950 belonging to and in the care, custody, control, management, and possession of said savings and loan, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

COUNT THIRTEEN: [18 U.S.C. § 2113(a) - Bank Robbery]

The Grand Jury further charges: T H A T

ALBERT CLARK WATSON,

defendant herein, on or about July 12, 1995, in Shasta County, in the Eastern District of California, did by force, violence, and intimidation take from the person and presence of an employee of Tri-Counties Bank, 1810 Market Street, Redding, California, approximately $4,900 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were

///

///

then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

A TRUE BILL.

FOREPERSON

CHARLES J. STEVENS
United States Attorney

No. _____ ___

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division* CR-S- 96 217 WBS

THE UNITED STATES OF AMERICA

*vs.*

ALBERT CLARK WATSON

## INDICTMENT

**VIOLATION(S): 18 U.S.C. § 2113(a) - Bank Robbery (13 Counts)**

*A true bill,*

__________________________________ *Foreman.*

*Filed in open court this* 27th _______ *day*

*of* June ______ *, A.D. 19* 96 __

__________________________________ Dep *Clerk.*

*Bail, $* No Bail ____

__________________________________

In State Custody, Bench Warrant to issue

GPO 863 525

AO 257 (Rev. 10/95)

PER 18 U.S.C. 3170

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION — IN U.S. DISTRICT COURT

By: [ ] COMPLAINT [ ] INFORMATION [X] INDICTMENT

Name of District Court, and/or Judge/Magistrate Location (City)

EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO, CALIFORNIA

OFFENSE CHARGED

BANK ROBBERY (13 Counts)

___ Petty
___ Minor
___ Misdemeanor
X Felony

Place of Offense: SACRAMENTO COUNTY

U.S.C. Citation: 18 U.S.C. § 2113(a)

DEFENDANT - U.S. vs.

ALBERT C. WATSON

Address

X Male ___ Alien (if applicable)
___ Female

Birth Date: 06/11/52

(Optional unless a juvenile)

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI

[ ] this person is awaiting trial in another Federal or State Court, give name of court.

[ ] this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:

[ ] U.S. Att'y [ ] Defense

SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

[X] prior proceeding or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▸

MAGISTRATE CASE NO. 96-111 PAN

Name and Office of Person Furnishing Information on THIS FORM: SA LUANA HARMON

___ U.S. Att'y X Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned): AUSA LAUREL D. WHITE

## DEFENDANT

IS *NOT* IN CUSTODY

1) [ ] Has not been arrested, pending outcome this proceeding If not detained give date any prior summons was served on above charges ▸

2) [ ] Is a Fugitive

3) [ ] Is on Bail or Release from (show District)

IS IN CUSTODY

4) [ ] On this charge

5) [X] On another conviction } [ ] Fed'l [X] State

6) [ ] Awaiting trial on other charges

If answer to (6) is "Yes," show name of institution

Has detainer been filed? ___ Yes X No If "Yes" give date filed

DATE OF ARREST ▸ Mo. Day Year

Or ... if arresting Agency & Warrant were not Federal

DATE TRANSFERRED TO U.S. CUSTODY ▸ Mo. Day Year

[ ] This report amends AO 257 previously submitted

*ADDITIONAL INFORMATION OR COMMENTS*

SUBJECT IS IN STATE CUSTODY IN SACRAMENTO COUNTY JAIL

CR-S-96-217 WBS

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

EASTERN DISTRICT OF CALIFORNIA

FILED

MAR 26 1996

CLERK EASTERN BY

UNITED STATES OF AMERICA
V.
ALBERT CLARK WATSON

(Name and Address of Defendant)

CRIMINAL COMPLAINT

WARRANT ISSUED

CASE NUMBER: MAG 96-111 PAN

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about February 10, 1995 in Sacramento county, in the Eastern District of California defendant(s) did, (Track Statutory Language of Offense) by force, violence, and intimidation take from the person and presence of an employee of Union Bank, 700 L Street, Sacramento, California, approximately $1,033 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation; and

COUNT TWO: (See attached)

in violation of Title 18 United States Code, Section(s) 2113(a).

I further state that I am a(n) Special Agent, FBI (Official Title) and that this complaint is based on the following facts: (See attached Statement of Facts)

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: VICTORIA C. MINOR
Clerk, U.S. District Court
Eastern District of California
By [signature]
Deputy Clerk
Dated February 22, 2008

Continued on the attached sheet and made a part hereof: [X] Yes [ ] No

[signature]
Signature of Complainant
LUANNA HARMON, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,

MAR 26 1996 at SACRAMENTO, CA
Date City and State

PETER A. NOWINSKI
U.S. MAGISTRATE JUDGE
Name & Title of Judicial Officer

[signature]
Signature of Judicial Officer

**CONTINUATION OF CRIMINAL COMPLAINT**

United States v. Albert Clark Watson

**COUNT TWO:** On or about February 23, 1995, in Sacramento County, in the Eastern District of California, defendant did by force, violence, and intimidation take from the person and presence of an employee of San Francisco Federal Savings Bank, 436 Howe Avenue, Sacramento, California, approximately $2,200 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

**COUNT THREE:** On or about March 2, 1995, in Sacramento County, in the Eastern District of California, defendant did by force, violence, and intimidation take from the person and presence of an employee of Wells Fargo Bank, 5700 Folsom Boulevard, Sacramento, California, approximately $3,300 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

**COUNT FOUR:** On or about March 22, 1995, in Sacramento County, in the Eastern District of California, defendant did by force, violence, and intimidation take from the person and presence of an employee of Great Western Bank, 1300 21st Street, Sacramento, California, approximately $4,880 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

**COUNT FIVE:** On or about April 7, 1995, in Sacramento County, in the Eastern District of California, defendant did by force, violence, and intimidation take from the person and presence of an employee of Bank of America Bank, 11000 Alhambra, Sacramento, California, approximately $828 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

**COUNT SIX:** On or about May 10, 1995, in Sacramento County, in the Eastern District of California, defendant did by force, violence, and intimidation take from the person and presence of an employee of El Dorado Savings and Loan, 4768 J Street, Sacramento, California, approximately $1,300 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

**CONTINUATION OF CRIMINAL COMPLAINT**

United States v. Albert Clark Watson

**COUNT SEVEN:** On or about May 17, 1995, in Sacramento County, in the Eastern District of California, defendant did by force, violence, and intimidation take from the person and presence of an employee of San Francisco Federal Credit Union, 5962 South Land Park Drive, Sacramento, California, approximately $1,000 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

**COUNT EIGHT:** On or about May 22, 1995, in Sacramento County, in the Eastern District of California, defendant did by force, violence, and intimidation take from the person and presence of an employee of San Francisco Federal Bank, 4005 Manzanita, Carmichael, California, approximately $450 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

**COUNT NINE:** On or about June 2, 1995, in Sacramento County, in the Eastern District of California, defendant did by force, violence, and intimidation take from the person and presence of an employee of 1st Interstate Bank, 6363 Riverside Boulevard, Sacramento, California, approximately $300 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

**COUNT TEN:** On or about June 8, 1995, in Yolo County, in the Eastern District of California, defendant did by force, violence, and intimidation take from the person and presence of an employee of 1st Northern Bank, 1300 Harbor Boulevard, West Sacramento, California, approximately $746 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

**COUNT ELEVEN:** On or about June 12, 1995, in Sacramento County, in the Eastern District of California, defendant did by force, violence, and intimidation take from the person and presence of an employee of Wells Fargo Bank, 5858 Florin Road, Sacramento, California, approximately $1,200 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

**CONTINUATION OF CRIMINAL COMPLAINT**

United States v. Albert Clark Watson

**COUNT TWELVE:** On or about June 16, 1995, in Sacramento County, in the Eastern District of California, defendant did by force, violence, and intimidation take from the person and presence of an employee of San Francisco Federal Savings and Loan, 436 Howe Avenue, Sacramento, California, approximately $950 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

**COUNT THIRTEEN:** On or about July 12, 1995, in Shasta County, in the Eastern District of California, defendant did by force, violence, and intimidation take from the person and presence of an employee of Tri-Counties Bank, 1810 Market Street, Redding, California, approximately $4,900 belonging to and in the care, custody, control, management, and possession of said bank, the accounts of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

UNITED STATES DISTRIC' 'OURT

EASTERN DISTRICT OF CALIFORNIA

I, LuAnna J. Harmon, am a Special Agent with the Federal Bureau of Investigation (FBI). Having been duly sworn, I do depose and state that:

1. I have been employed as a Special Agent with FBI for approximately five and one half years. During this time I have received training and have experience in the investigation of bank robberies and robbers. I base this affidavit on my own investigation, as detailed below, and on the investigation of other FBI agents and local law enforcement officers who I have spoken with or whose reports I have reviewed.

2. In connection with my official duties, I am investigating the February 10, 1995 robbery of the Union Bank, 700 "L" Street, Sacramento, California. Another FBI agent interviewed the victim teller from that robbery and told me that a lone white male entered the bank and approached the teller with a note which read, "Keep Hands in Plain Sight, Bottom Drawer, Larg Bills, Hurry." The victim teller placed the cash on the counter and the robber grabbed the money with both hands and placed the cash inside a newspaper that he had brought in the bank with him. He then closed the newspaper and left the bank robbery demand note with the victim teller. He then placed the newspaper inside his jacket before departing from the bank.

3. The robber was described as a white male, weighing approximately 175 pounds, and being six feet two inches tall. He is also described as being in his mid 40's

with dark hair, a dark heavy mustache a wearing a yellow and blue striped shirt, khaki pants, brown knit cap pulled down over his ears, black sunglasses, white tennis shoes and a light blue vinyl glove on his left hand.

4. I have been advised by another FBI agent that the manager of the Union Bank provided proof that the bank is insured by the Federal Deposit Insurance Corporation and that the loss due to the robbery was $1,033.00.

5. On February 23, 1995, the San Francisco Federal Savings Bank on 436 Howe Avenue, Sacramento, California, was robbed. Another FBI agent interviewed the victim teller from that robbery and told me that at approximately 2:15 p.m., a lone white male entered the bank and approached the teller and placed a folded newspaper on the counter and opened it to display a demand note which read, "Keep Hands in Plain Sight! Bottom Drawer 100's and 50's, No mistakes - No trouble!!!" The victim teller placed the cash inside the newspaper and the robber closed the newspaper and departed from the bank, leaving the bank robbery note behind.

6. The robber was described as a white male, with a thin build, and being five feet eight inches tall. He is also described as being in his mid 40's, wearing a dark zipped up jacket, knit cap, and dark sunglasses with a black plastic frame.

7. I have been advised by another FBI agent that the manager of the San Francisco Federal Savings Bank provided proof that the bank is insured by the Federal Deposit Insurance Corporation and that the loss due to the robbery was $2,200.00.

8 On March 2, 1995, the Wel Fargo Bank on 5700 Folsom Boulevard, Sacramento, California, was robbed. Another FBI agent interviewed the victim teller from that robbery and told me that a lone white male entered the bank and approached the teller placing a rolled up newspaper on the counter. Inside the newspaper was a demand note stating, "Bottom Drawer, 100's, 50's. KEEP HANDS IN PLAIN SIGHT, HURRY!!!." The victim teller placed the cash in the newspaper and the robber closed the newspaper and departed from the bank, leaving the bank robbery demand note behind.

9. The robber was described as a white male, with a slender build, and being five feet ten inches tall. He is also described as being in his mid 40's or 50's, wearing a fisherman's type hat, a blue jacket and sunglasses.

10. I have been advised by another FBI agent that the manager of the Wells Fargo Bank provided proof that the bank is insured by the Federal Deposit Insurance Corporation and that the loss due to robbery was $3,300.00.

11. On March 22, 1995, the Great Western Bank on 1300 21st Street, Sacramento, California, was robbed. Another FBI agent interviewed the victim teller from that robbery and told me that at approximately 12:09 p.m., a lone white male entered the bank and approached the teller, placed a folded piece of paper on the counter and took out a note which read, "KEEP HANDS IN PLAIN SIGHT, Bottom Drawer - 100's, 50's - First, Be Quick - No mistakes !!!." The robber placed the cash from the victim teller in the folded piece of paper and departed from the bank, leaving the bank robbery note behind.

12. The robber was described as a white male, weighing approximately 150 pounds, and being five feet seven to nine inches tall. He is also described as being in his mid 30's with dirty blonde hair, mustache, unshaven acne scarred face and wearing a blue knit cap, a navy blue heavy Army-style jacket and dark plastic rimmed sunglasses.

13. I have been advised by another FBI agent that the manager of the Great Western Bank provided proof that the bank is insured by the Federal Deposit Insurance Corporation and that the loss due to the robbery was $4,880.00.

14. On April 7, 1995, the Bank of America on 11000 Alhambra, Sacramento, California, was robbed. Another FBI agent interviewed the victim teller from that robbery and told me that a lone white male entered the bank and approached the teller placing a folded newspaper on the counter. He opened the newspaper slowly and a demand note fell to the counter which read, "Big Bills! $100's & $50's, Bottom Drawer, KEEP HAND IN SIGHT!!, No Scenes!!!, HURRY!!!, ALERT No One!!!". The teller handed the robber the cash and he placed it inside the newspaper and departed from the bank, leaving the bank robbery demand note behind.

15. The robber was described as a white male, 35 years of age, five feet ten inches tall, slim build, brown curly shoulder length hair, brown prescription glasses, and wearing a button down brim cap.

16. I have been advised by another FBI agent that the manager of the Bank of America provided proof that the bank

is insured by the Federal Deposit Insurance Corporation and that the loss due to the robbery was $828.00.

17. On May 10, 1995, the El Dorado Savings Bank on 4768 "J" Street, Sacramento, California, was robbed. Another FBI Agent interviewed the victim teller from that robbery and told me that at approximately 2:30 p.m., a lone white male entered the bank and approached the victim teller placing a newspaper on the counter. He opened it and a demand note slid onto the counter which read, "Keep Hands in Plain View, Bottom Drawer, LARGE Bills $100's / $50's, BE Quick, Alert No One!!!". The teller placed the cash in the newspaper and the robber folded the newspaper and exited the bank, leaving the bank robbery demand not behind.

18. The robber was described as a white male, in his mid 50's, five feet ten inches tall, weighing approximately 160 pounds, and wearing a light colored fishing hat, an off white jacket, aviator type sunglasses and jeans.

19. I have been advised by another FBI agent that the manager of the El Dorado Savings Bank provided proof that the bank is insured by the Federal Deposit Insurance Corporation and that the loss due to the robbery as $1,300.00.

20. On May 17, 1995, the San Francisco Federal Credit Union on 5962 South Land Park Drive, Sacramento, California, was robbed. Another FBI agent interviewed the victim teller from that robbery and told me that at approximately 12:30 p.m., a lone white male entered the bank and approached the victim teller holding a newspaper. He then placed a demand note on the counter which read, "KEEP OFF

BOTTONS, Bottom Drawer, 100's / $50's, LARGE Bills, NO GAMES." The robber then placed the newspaper on the counter and opened it. The teller placed the cash inside the newspaper and the robber departed from the bank, leaving the bank robbery demand note behind.

21. The robber was described as a white male, six feet tall, weighing 140-150 pounds, very thin, 35 - 40 years of age, brown hair, wearing a pale blue baseball cap, prescription sunglasses, light blue denim shirt, white t-shirt and blue jeans.

22. I have been advised by another FBI agent that the manager of the San Francisco Federal Credit Union provided proof that the bank is insured by the Federal Deposit Insurance Corporation and that the loss due to the robbery was $1,000.00.

23. On May 22, 1995, the San Francisco Federal Bank on 4005 Manzanita Avenue, Sacramento, California, was robbed. Another FBI Agent interviewed the victim teller from that robbery and told me that in the early afternoon, a lone white male entered the bank and proceeded directly to the victim teller station. The white male, who was carrying a rolled up newspaper, placed the newspaper on the teller counter and unrolled it exposing a bank robbery demand note. The note stated something to the effect of "Give me all your $50's and $100's." The victim teller took 5's, 10's and 20's from the bottom drawer and placed them on the unrolled newspaper. The robber rolled the newspaper up and quickly left the bank, taking the bank robbery demand note with him.

24 The robber was described as a white male, approximately six feet one inches tall, weighing 150-160 pounds, late thirties to early forties in age, with a slim build, dark wavy hair, wearing photogray type glasses, a red baseball cap, a red and white oxford-type shirt and jeans.

25. I have been advised by another FBI Agent that the manager of San Francisco Federal Bank provided proof that the bank is insured by the Federal Deposit Insurance Corporation and that the loss due to the bank robbery was $450.00.

26. On June 2, 1995, the First Interstate Bank on 6363 Riverside Boulevard, Sacramento, California, was robbed. Another FBI agent interviewed the victim teller from that robbery and told me that at approximately 4:30 p.m., a lone white male entered the bank and approached the victim teller with a folded newspaper. He unopened the newspaper and handed the teller a demand note which read, "Keep Hands -N- Plain View, Bottom Drawer $100's/ $50's, ALERT NO ONE!, BE QUICK!!". The teller handed the robber cash in which he placed in the newspaper, folded it and departed from the bank, leaving the bank robbery demand note behind.

27. The robber was described as white male, in his late 30's or early 40's, five feet six - seven inches tall, skinny build, wearing a black zipped up sweatshirt, white baseball cap and black square framed sunglasses.

28. I have been advised by another FBI agent that the manager of the First Interstate Bank provided proof that

the bank is insured by the Federal Depo : Insurance Corporation and that the loss due to the robbery was $300.00.

29. On June 8, 1995, the First Northern Bank on 1300 Harbor Boulevard, West Sacramento, California, was robbed. Another FBI Agent interviewed the victim teller from that robbery and told me that at approximately 1:27 p.m., a lone white male entered the bank, approached the victim teller and opened a newspaper. He then pushed a demand note to the teller which read, "Alert No-One. Keep off Bottons, Bottom Drawer, $100's $50, Be Quick!!!." The teller gave the robber cash from the drawer, who in turn placed the cash in the newspaper and turned and exited the bank, leaving the bank robbery demand note behind.

30. The robber was described as a white male, five feet ten inches tall, thin build, approximately 160 pounds, 35 to 40 years of age, thin mustache, wearing a green and off-white baseball cap, a denim shirt and brown plastic frame sunglasses.

31. I have been advised by another FBI agent that the manager of the First Northern Bank provided proof that the bank is insured by the Federal Deposit Insurance Corporation and that the loss due to the robbery is $746.00.

32. On June 12, 1995, the Wells Fargo Bank on 5858 Florin Road, Sacramento, California, was robbed. Another FBI Agent interviewed the victim teller from that robbery and told me that at approximately 9:30 a.m., a lone white male entered the bank and approached the victim teller and placed a folded newspaper on the counter. He unfolded the newspaper and slid

bank is insured by the Federal Deposit Insurance Corporation and that the loss due to the robbery was $4,900.00.

41. Albert Clark Watson escaped from the Edward Viet Community Correctional Center in Sacramento, California, on November 5, 1994. The above listed bank robberies were committed between February 10, 1995 and July 12, 1995.

42. On July 26, 1995, Watson was arrested by the New Westminister Police Department, British Columbia, Canada and was extradicted to the United States. He is currently serving thirty-two months for a parole violation.

43. On November 28, 1995, Albert Clark Watson was served with a federal grand jury subpoena to provide handwriting examplars. The original bank robbery notes from each of the above listed bank robberies and the handwriting examplars provided by Watson, were given to the Department of Justice, Questioned Documents Division to be analyzed. Results of the analysis indicated that Watson is probably the individual who wrote all of the bank robbery demand notes.

44. Watson is also a suspect in a robbery at Wells Fargo Bank, 205 Kenwood Way, S. San Francisco, California on July 6, 1995. Another FBI Agent interviewed the victim teller from that robbery and told me that a white male walked into the bank and approached the victim teller. The male stated "I'd like to cash a check." The male then pulled out a newspaper and opened it. Inside of the open newspaper was a bank robbery demand note which stated "Bottom Drawer, Big Bills $100's & $50's, Stay off the Buttons, Be Quick!!!" The male placed the money inside the newspaper and folded the newspaper around it.

He then departed from the bank leaving the bank robbery demand note behind. An individual resembling the bank robber was seen leaving the bank in a white over yellow Plymouth Valiant, California license plate 388KIW. The registered owner of the vehicle is Sandra Joy Wible, Watson's wife. Wible advised the vehicle belongs to Watson. The vehicle was seized during Watson's arrest in Canada.

45. The robber was described as a white male, five feet ten inches to six feet tall, weighing 160 pounds with a thin build. He is also described as being fifty years of age with dark brown hair, a mustache, wearing a dark brown cloth hat with a small brim, dark framed sunglasses, grey jacket, long sleeved white shirt and grey trousers.

46. Watson is described as a white male who is 5'10" tall, weighing 140 pounds, and has brown hair and brown eyes.

47. Based upon the foregoing, I have probable cause to believe that ALBERT CLARK WATSON is in violation of Title 18, United States Code, Section 2113 (a) (d). Accordingly, I respectfully request that a complaint be issued for ALBERT CLARK WATSON for the above-listed robberies.

CLOSED, PROB22_OUT

**U.S. District Court**
**Eastern District of California - Live System (Sacramento)**
**CRIMINAL DOCKET FOR CASE #: 2:96-cr-00277-WBS-1**
**Internal Use Only**

Case title: USA v. Watson
Magistrate judge case number: 2:96-mj-00111 E X NN ^N

Date Filed: 06/27/1996
Date Terminated: 07/02/1997

Assigned to: Judge William B. Shubb

**Defendant (1)**

**Albert Clark Watson**
*TERMINATED: 07/02/1997*

represented by **Carl Edward Larson**
Law Offices of Carl Edward Larson
9490 Golden Gate Avenue
Orangevale, CA 95662-2226
916-989-9226
Fax: 916-498-5710
Email: carldeelarson@aol.com
*TERMINATED: 07/02/1997*
*Designation: Public Defender or Community Defender Appointment*

**Timothy Zindel**
Office of the Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
(916) 498-5700
Fax: (916) 498-5710
Email: timothy_zindel@fd.org
*TERMINATED: 07/02/1997*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:2113(a) Bank Robbery (1-4) | Judgment: Imprisonment 137 months on counts 1,2,3,4,6 and 13; Supervised Release 36 months, Fine Waived, Restitution $24,955.00, Special Assessment $450.00 |
| 18:2113A.F BANK ROBBERY (1s) | |
| 18:2113(a) Bank Robbery | |

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: VICTORIA C. MINOR
Clerk, U. S. District Court
Eastern District of California
By [signature]
Deputy Clerk
Dated February 22, 2008

(5)

18:2113(a) Bank Robbery
(6)

Judgment: Imprisonment 137 months on counts 1,2,3,4,6 and 13; Supervised Release 36 months, Fine Waived, Restitution $24,955.00, Special Assessment $450.00

18:2113(a) Bank Robbery
(7-12)

18:2113(a) Bank Robbery
(13)

Judgment: Imprisonment 137 months on counts 1,2,3,4,6 and 13; Supervised Release 36 months, Fine Waived, Restitution $24,955.00, Special Assessment $450.00

**Highest Offense Level (Terminated)**

Felony

**Complaints** | **Disposition**

Bank Robbery [ 2:96-m -111 ]

---

**Plaintiff**

**USA** represented by **Laurel Defoe White**
United States Attorney
501 I Street
Suite 10-100
Sacramento, CA 95814
916-554-2700
Email: laurel.white@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/26/1996 | 1 | COMPLAINT against Albert Clark Watson for Bank Robbery by Magistrate Judge Peter A. Nowinski [ 2:96-m -111 ] (old) (Entered: 03/27/1996) |
| 06/27/1996 | 2 | INDICTMENT by US Attorney Laurel D White Counts filed against Albert Clark Watson (1) count(s) 1-13 in violation of 18:2113(a) (ndd) (Entered: 06/28/1996) |
| 06/27/1996 | | ARREST Warrant issued for Albert Clark Watson by Magistrate Judge Peter A. Nowinski; bail set at NO BAIL (ndd) (Entered: 06/28/1996) |
| 06/27/1996 | 3 | LETTER to court from counsel for USA regarding non-involvement of DFL and GEB with US Attorney's office (ndd) (Entered: 06/28/1996) |
| 06/28/1996 | 4 | NOTICE OF DETAINER by USM re Albert Clark Watson (old) (Entered: 07/01/1996) |
| 07/15/1996 | 5 | NOTICE regarding detainer by USM (ndd) (Entered: 07/17/1996) |
| 09/09/1996 | 6 | ORDER by Magistrate Judge Peter A. Nowinski: GRANTING application for writ of habeas corpus ad prosequendum for Albert Clark Watson to be produced at USDC Sacramento CA {writ issued} (old) (Entered: 09/10/1996) |
| 09/24/1996 | 8 | MINUTES before Magistrate Judge Peter A. Nowinski dft present and in custody; dft Albert Clark Watson arraigned; NOT GUILTY plea entered; Attorney Timothy L Zindel present; , trial confirmation hearing for 9:00am on 11/13/96; jury trial set 9:00am on 11/26/96 for Albert Clark Watson C/R Tape 2 (old) (Entered: 09/26/1996) |

| | | |
|---|---|---|
| 09/24/1996 | 9 | ORDER of Detention of Albert Clark Watson pending Trial by Magistrate Judge Peter A. Nowinski (old) (Entered: 09/26/1996) |
| 09/25/1996 | 7 | CJA Form 23 (Financial Affidavit) as to Albert Clark Watson (old) (Entered: 09/26/1996) |
| 11/13/1996 | 10 | MINUTES before Chief Judge William B Shubb: trial confirmation hearing continued for 9:00 on 11/27/96 for Albert Clark Watson; jury trial on 11/26/96 VACATED on 11/13/96 ; T2 started 11/13/96 stopped on 11/27/96 for Clark Watson C/R Deanna Bates Capitol (ljr) Modified on 11/15/1996 (Entered: 11/14/1996) |
| 11/20/1996 | 11 | NOTICE of hearing by dft Albert Clark Watson trial confirmation hearing reset for 9:00 12/11/96 for Albert Clark Watson (ndd) (Entered: 11/22/1996) |
| 12/11/1996 | 12 | MINUTES on status conference before Chief Judge William B. Shubb status hearing reset for 9:00 a.m. 1/22/97 for Albert Clark Watson , t2 started for Albert Clark Watson C/R Chris Warden (old) (Entered: 12/11/1996) |
| 12/11/1996 | | LODGED to continue status conference to 1/22/87 by pltf USA (ljr) (Entered: 12/12/1996) |
| 12/17/1996 | 13 | ORDER by Chief Judge William B. Shubb continuing trial confirmation hearing to 9:00am on 1/22/96 for Albert Clark Watson , XT2 started 12/11/96 stopped 1/22/96 for Albert Clark (cc: all counsel) (old) (Entered: 12/17/1996) |
| 01/22/1997 | 14 | MINUTES before Chief Judge William B. Shubb status conference CONTINUED to 9am on 2/12/97 for Albert Clark Watson ; XT2 started 1/22/97, to stop 2/12/97 for Albert Clark Watson C/R Kelly O'Halloran (old) (Entered: 01/23/1997) |
| 01/23/1997 | | LODGED ORDER continuing 2/12/97 status conference by plaintiff USA (old) (Entered: 01/24/1997) |
| 01/24/1997 | 15 | ORDER by Chief Judge William B. Shubb IT IS ORDERED that this case be continued to 2/12/97 for status conference; Good cause appearing, the court finds that this case is unusaul and complex and orders that the time between 1/22/97, through and including 2/12/97, be excluded in accordance with 18 USC Section 3161(h)(8)(B)(ii) and Local T2 (cc: all counsel) (old) (Entered: 01/24/1997) |
| 02/12/1997 | 16 | CONSENT TO PROCEED IN ANOTHER DISTRICT UNDER RULE 20(b) Albert Clark Watson to transfer from District of Western District of Washington (old) Modified on 02/13/1997 (Entered: 02/13/1997) |
| 02/12/1997 | 17 | SUPERSEDING Information naming Albert Clark Watson Albert Clark Watson (1) count(s) 1s (old) (Entered: 02/13/1997) |
| 02/12/1997 | 18 | WAIVER of Indictment by defendant Albert Clark Watson (old) (Entered: 02/13/1997) |
| 02/12/1997 | 19 | PLEA Agreement as to Albert Clark Watson (old) (Entered: 02/13/1997) |
| 02/12/1997 | 20 | MINUTES before Chief Judge William B. Shubb on Change of Plea: dft Albert Clark Watson arraigned; Attorney Carl Edward Larson APPOINTED ; Albert Clark Watson enters guilty plea to counts 1,2,3,4,6, & 13 and to the information from Seattle WA ; status hearing HELD on 2/12/97; sentencing hearing SET for 9am on 4/23/97 for Albert Clark Watson C/R Kelly O'Halloran (old) (Entered: 02/13/1997) |
| 02/12/1997 | 21 | SCHEDULE FOR DISCLOSURE OF PSR as to defendant Albert Clark Watson (old) (Entered: 02/13/1997) |
| 03/19/1997 | 22 | NOTICE of hearing sentencing hearing reset for 9:00 5/14/97 for Albert Clark Watson (ndd) Modified on 03/27/1997 (Entered: 03/25/1997) |
| 03/31/1997 | 23 | NOTICE of related cases by plaintiff USA regarding CR S 97-161 LKK (old) (Entered: 04/01/1997) |

| | | |
|---|---|---|
| 04/09/1997 | 24 | RELATED CASE ORDER by Chief Judge William B. Shubb: that the action denominated No. CR 97-161 LKK be, and the same hereby is, reassigned to Judge William B Shubb for all further proceedings, and any dates currently set in this reassigned case only are hereby VACATED; the Clerk of the Court make appropriate adjustment in the assignment of criminal cases to compensate for this reassignment [23-1] (cc: all counsel) (ljr) (Entered: 04/09/1997) |
| 04/09/1997 | | (Court only) Docket Modification (Utility Event) relating case(s) 2:96-cr-277 with member cases 2:97-cr-161 (ljr) (Entered: 04/09/1997) |
| 04/14/1997 | 25 | NOTICE of hearing by USA change of plea hearing RESET for 4/16/97 and sentencing hearing RESET for 4/23/97 for Albert Clark Watson (ndd) (Entered: 04/15/1997) |
| 05/07/1997 | 26 | NOTICE of hearing by Albert Clark Watson sentencing hearing RESET for 9:00 6/11/97 for Albert Clark Watson (ndd) (Entered: 05/08/1997) |
| 06/11/1997 | 27 | MINUTES before Chief Judge William B. Shubb sentencing hearing CONTINUED to 9:00 7/2/97 for Albert Clark Watson Gov't to file sentencing brief by 6/18/97; dft's response due 6/25/97; C/R O'Halloran (ndd) (Entered: 06/12/1997) |
| 06/17/1997 | 28 | GOV'T RESPONSE to dft's informal objection to PSR and Sentencing Memorandum (ndd) (Entered: 06/20/1997) |
| 06/25/1997 | 29 | DFT'S REPLY to PSR (ndd) (Entered: 06/26/1997) |
| 07/01/1997 | 30 | LETTER to court from counsel for plaintiff USA requesting to add additional cites to a previously submitted government's brief (old) (Entered: 07/02/1997) |
| 07/02/1997 | 31 | MINUTES before Chief Judge William B. Shubb sentencing Albert Clark Watson (1) count(s) 1-4, 6 , 13 . Judgment: Imprisonment 137 months on counts 1,2,3,4,6 and 13; Supervised Release 36 months, Fine Waived, Restitution $24,955.00, Special Assessment $450.00 , dismissing counts as to Albert Clark Watson counts 5,7,8,9,10,11 and 12 C/R Kelly O'Halloran (old) (Entered: 07/07/1997) |
| 07/02/1997 | | (Court only) Docket Modification (Utility Event) terminating defendant Albert Clark Watson case terminated (old) (Entered: 07/07/1997) |
| 07/03/1997 | 32 | LETTER to court from counsel for plaintiff USA adding additional cites to be added to her previously submitted brief (old) (Entered: 07/07/1997) |
| 07/09/1997 | 33 | JUDGMENT and Commitment issued as to Albert Clark Watson by Chief Judge William B. Shubb (old) (Entered: 07/10/1997) |
| 07/22/1997 | 34 | WRIT returned (ch) (Entered: 07/25/1997) |
| 11/05/1997 | 35 | ARREST Warrant returned unexecuted for Albert Clark Watson marked superseded by whcap (old) (Entered: 11/05/1997) |
| 01/16/1998 | 36 | JUDGMENT and Commitment returned executed on 12/17/97 as to Albert Clark Watson (old) (Entered: 01/20/1998) |
| 11/01/2007 | 37 | PROBATION FORM 12 signed by Judge William B. Shubb on 11/1/2007 re Supervised Release as to Albert Clark Watson ORDERING that the modification is APPROVED as recommended. (Waggoner, D) (Entered: 11/01/2007) |
| 01/29/2008 | 38 | PROBATION JURISDICTION (PROBATION 22 Out) TRANSFERRED to USDC - Northern District of CA as to defendant Albert Clark Watson. Transmitted Transfer of Jurisdiction form, with certified copies of Indictment, Judgment and docket sheet. DEFENDANT TERMINATED. CASE CLOSED. (Marciel, M) (Entered: 01/30/2008) |
| 02/22/2008 | 39 | TRANSMITTAL of DOCUMENTS: pursuant to 38 Probation 22 Out for defendant Albert Clark Watson, following documents were sent to USDC - Northern District of CA: certified copies of Indicment/Information, Transfer Order, Judgment & Sentencing, and docket sheet. (Marciel, M) (Entered: 02/22/2008) |

Case 3:08-cr-00024-WHA    Document 2    Filed 02/26/2008    Page 48 of 48